829 F.2d 37
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lewis L. WALTON, Defendant-Appellant.
 No. 87-5504
 United States Court of Appeals, Fourth Circuit.
 Argued May 8, 1987.
Decided August 24, 1987.
 
 James Jeffrey Brink, Assistant Federal Public Defendant for appellant.
 Larry Robert Ellis, Assistant United States Attorney (Charlotte R. Lane, United States Attorney; Nancy C. Hill, Assistant United States Attorney, on brief), for appellee.
 Before JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 On January 8, 1986, a Charleston, West Virginia federal grand jury indicted appellant Lewis L. Walton under 21 U.S.C. Secs. 841(a)(1), 846, and 18 U.S.C. Sec. 2, on six counts relating to a conspiracy to cultivate and distribute marijuana during 1982 and 1983. In March 1986, following a hearing before the United States District Court for the Southern District of West Virginia, the court concluded that Walton was presently suffering from a mental disease or defect that rendered him incompetent to understand the nature and consequences of the proceedings and to assist in his defense. The court committed Walton to the custody of the Attorney General for further evaluation to determine whether there was a substantial probability that Walton would attain the capacity to stand trial within the foreseeable future. Following this additional evaluation at FCI Butner, the court held a second competency hearing in August 1986, and found at that time that Walton was mentally competent to stand trial and assist in his defense. In October 1986, a jury convicted Walton on all six counts and the district court later sentenced him to a total of nine years imprisonment followed by a ten-year special parole term.
 
 
 2
 The narrow issue Walton presents in this appeal is whether the government presented sufficient evidence to rebut Walton's mental incompetency defense.* At trial, Walton presented both expert and lay testimony to the effect that he was mildly retarded and had long suffered from a mental disorder. The evidence was offered to show that Walton was an unwitting participant in the marijuana cultivation conspiracy who was manipulated by his fellow conspirators. Most critically, Walton offered the testimony of Dr. Larry Smith, a Veteran's Administration Hospital Psychiatrist who treated Walton between 1979 and 1986. Dr. Smith testified that Walton was 'schizophrenic chronic undifferentiated' and that during the period between 1980 and 1983, when Walton allegedly participated in the conspiracy, he could not distinguish right from wrong or conform his conduct to the requirements of the law.
 
 
 3
 This evidence was sufficient to place into issue Walton's mental competence at the time of his illegal activities. Since the conduct for which Walton was prosecuted occurred before passage of the Insanity Reform Act of 1984, 18 U.S.C. Sec. 20(a), once Walton presented this evidence, the government assumed the burden of proving beyond a reasonable doubt that Walton was 'legally responsible for his actions.' United States v. Brown, 792 F.2d 466, 469 (4th Cir. 1986). The proper standard for assessing Walton's legal responsibility' is the ALI definition of mental incompetence:
 
 
 4
 (1) A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.
 
 
 5
 (2) The terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise anti-social conduct.
 
 
 6
 See United States v. Chandler, 393 F.2d 920, 926 (4th Cir. 1968) (adopting the ALI standard).
 
 
 7
 While Walton argues that the government failed to prove his mental competence between 1980 and 1983, the government offered abundant evidence from which the jury could reasonably conclude otherwise. In addition to lay testimony regarding Walton's general behavior during that period and evidence regarding his varied ministrations on behalf of the conspiracy, the government presented the expert testimony of Dr. Claudia Coleman, a clinical psychologist. Dr. Coleman observed Walton on an almost daily basis during his 126-day term as an in-patient at FCI Butner where he was evaluated for competency to stand trial. Dr. Coleman testified that Walton exaggerated his symptoms and, while Walton may have experienced intermittent psychotic episodes between 1980 and 1983, his conceded psychological disorder would not have affected his ability to appreciate the criminality of his actions or conform his conduct to the law over the extended period of the cultivation and distribution scheme. The government also presented evidence supporting Dr. Coleman's opinion that Walton exaggerated his symptoms, evidence which undermined the testimony of Dr. Smith. One witness testified that Walton told him in 1983 that if he was caught he would disavow any knowledge of the marijuana and 'act crazy.' Several lay witnesses--a bank trust officer and two merchants--with whom Walton had business transactions during the period at issue, testified that Walton seemed capable of handling his business affairs. Finally, Dr. Smith conceded on cross-examination that the government's evidence of Walton's extensive and sustained participation in the scheme was inconsistent with 'the individual I have seen.'
 
 
 8
 In sum, the government presented substantial evidence, taking the view most favorable to the government, to support the jury's decision to convict. Glasser v. United States, 315 U.S. 60, 80 (1942). The conviction is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The 'mental incompetence' issue raised here on appeal concerns Walton's legal responsibility for the actions for which he was indicted and convicted. Walton does not deny that he was competent to stand trial